UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES LEWIS,

    Petitioner,

                                    CASE NO. 2:15-cv-10766

v.                                     HONORABLE NANCY G. EDMUNDS

BONITA HOFFNER,

    Respondent.

_____/

### ORDER DENYING RESPONDENT'S
### MOTION TO TRANSFER CASE (ECF NO. 4),
### GRANTING ATTORNEY O'CONNOR'S
### MOTION TO WITHDRAW AS COUNSEL (ECF NO. 5),
### AND STAYING THIS CASE

### I. Introduction

This matter has come before the Court on petitioner Charles Lewis's habeas corpus petition under 28 U.S.C. § 2254 and respondent Bonita Hoffner's motion to transfer the petition to the Federal Court of Appeals as a second or successive petition. Petitioner filed his habeas petition through counsel on March 2, 2015. He argues under *Miller v. Alabama*, 132 S. Ct. 2455 (2012), that his mandatory sentence of life imprisonment without the possibility of parole for a murder that he committed at the age of seventeen is cruel and unusual punishment under the Eighth Amendment to the United States Constitution.[1] (ECF No. 1.)

---

[1] The Supreme Court held in *Miller*, 132 S. Ct. at 2460, "that mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments' ").

On August 25, 2015, respondent Bonita Hoffner, through counsel, filed a motion to transfer Petitioner's habeas petition to the United States Court of Appeals for the Sixth Circuit as a second or successive petition under 28 U.S.C. § 2244(b).  (ECF No. 4.)  Petitioner's attorney did not file an answer to Respondent's motion.  Instead, she moved to withdraw as counsel for Petitioner on the basis of a breakdown in the relationship.  (ECF No. 5.)  For the reasons that follow, the Court will deny Respondent's motion to transfer, grant counsel's motion to withdraw, and stay this case pending the Supreme Court's anticipated decision on whether *Miller* is retroactive.

## II.  Background

In 1977, a jury in Wayne County, Michigan found Petitioner guilty of first-degree murder.  The trial court sentenced Petitioner to mandatory life imprisonment without the possibility of parole.  Although the details of Petitioner's state-court case are not known, it appears from the pleadings before the Court that the Michigan Court of Appeals affirmed Petitioner's conviction on December 8, 1978, and that the Michigan Supreme Court denied further review.

Petitioner filed two delayed motions for new trial which the trial court denied, and, in 1987, Petitioner challenged his murder conviction in a federal habeas corpus petition in this district.  The district judge assigned to the case denied the petition in a memorandum opinion and order dated April 29, 1988.[2]  The Sixth Circuit affirmed the district judge's decision as to seventeen of the eighteen grounds for relief, but remanded the case to the district court for (1) a review of Petitioner's claim that trial

---

[2] The Court is relying on the pleadings in this case, because the Court has been unable to locate a copy of the memorandum opinion and order denying Petitioner's first habeas petition.

counsel failed to investigate potential alibi witnesses and (2) a determination on whether Petitioner requested a transcript of his state evidentiary hearing and, if so, whether one was provided. The Sixth Circuit affirmed the District Court's order in all other respects. *See Lewis v. Jabe*, No. 88-1522, 1989 WL 145895, at *7-*8 (6th Cir. Dec. 4, 1989).

On remand, former United States District Judge Richard F. Suhrheinrich ordered transcripts from the state court, held an evidentiary hearing, and then denied habeas corpus relief on Petitioner's claim about trial counsel. *See Lewis v. Jabe*, No. 87-72050 (E.D. Mich. May 3, 1990, May 30, 1990, and June 28, 1990). Petitioner subsequently filed a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). Judge Suhrheinrich's successor, United States District Judge Gerald E. Rosen, denied the motion in an opinion and order dated September 13, 1991, and on April 10, 1992, the Sixth Circuit affirmed Judge Rosen's order. *See Lewis v. Jabe*, No. 91-2116, 1992 WL 73146 (6th Cir. Apr. 10, 1992).

Petitioner alleges that, in August of 2012, he raised his sentencing claim in a motion for relief from judgment. The state trial court granted his motion and ordered re-sentencing in light of *Miller*. The Michigan Court of Appeals, however, reversed the trial court's decision, *see People v. Lewis*, No. 315520 (Mich. Ct. App. Aug. 29, 2013), and on December 30, 2014, the Michigan Supreme Court denied leave to appeal. *See People v. Lewis*, 497 Mich. 946; 857 N.W.2d 24 (2014). On March 2, 2015, Petitioner filed the pending habeas corpus petition.

### III. Analysis

#### A. The Motion to Transfer

Respondent claims that Petitioner's habeas petition is a second or successive petition, which this Court has no jurisdiction to consider without prior authorization from the Court of Appeals for the Sixth Circuit. It is true that a petitioner who wishes to file a "second or successive" habeas corpus petition must first ask "the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see also Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998) (explaining the "gatekeeping" mechanism for consideration of second or successive habeas corpus petitions in federal court). Therefore, if the petition now before the Court is a "second or successive" petition within the meaning of 28 U.S.C. § 2244(b), the Court must transfer the petition to the Sixth Circuit for a determination of whether this Court may consider the petition. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (holding that "when a second or successive petition for habeas corpus relief . . . is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631").

Not all second-in-time petitions are considered "second or successive" for purposes of § 2244(b)(3)(A). For example, a claim that was not presented in an earlier petition, but that would have been unripe if it had been presented then, is not second or successive. *Storey v. Vasbinder*, 657 F.3d 372, 377 (6th Cir. 2011) (citing *Panetti v. Quarterman*, 551 U.S. 930, 945 (2007)); *see also Martinez-Villareal*, 523 U.S. at 643–45 (holding that a petition filed after the initial filing was dismissed as premature was not a second or successive petition).

4

Petitioner's sentencing claim would have been unripe and premature in his 1988 petition because *Miller*, the case on which he relies, was not decided until 2012. The Court therefore concludes that the habeas petition before the Court is not "second or successive" and that Petitioner is not required to obtain authorization from Court of Appeals before this Court may consider his claim. *See In re Smith*, 690 F.3d 809, 810 (6th Cir. 2012) (explaining that, under *Martinez-Villareal* and subsequent cases, "a district court may (and should) rule on newly ripe claims and is 'not required to get authorization' from the court of appeals before doing so"). The Court therefore denies Respondent's motion to transfer (ECF No. 4). Nevertheless, because the retroactivity of *Miller* is a concern, and because the Supreme Court is expected to rule on that issue this term, *see Montgomery v. Louisiana*, 135 S. Ct. 1546 (2015) (granting the petition for writ of certiorari), the Court will stay this case until the Supreme Court issues a dispositive decision in *Montgomery*.

### B. The Motion to Withdraw

In her motion to withdraw, counsel for Petitioner alleges that she and Petitioner have reached an impasse on how and whether to proceed with Petitioner's case. Counsel also states that Petitioner insists on pursuing an objective which she considers imprudent and that Petitioner wants to proceed *pro se*.

Counsel for Petitioner appears to have been retained, and, given her representations, the Court believes that she should be permitted to withdraw from the case. The Court therefore grants counsel's motion to withdraw. (ECF No. 5.)

Although the Court is staying this case, Petitioner is advised to keep the Court informed of any changes in his address. The Court assumes for now, that his address is:

>Charles Lewis, #150709
>Lakeland Correctional Facility
>141 First Street
>Coldwater, MI 49036

### IV.  Conclusion and Order

For the reasons given above, the Court orders that:

• Respondent's motion to transfer this case to the Court of Appeals for the Sixth Circuit (ECF No. 4) is denied;

• Counsel's motion to withdraw her representation of Petitioner (ECF No. 5) is granted;

• this case is stayed until the Supreme Court rules on the retroactivity of *Miller* in the Montgomery case.

SO ORDERED.

Dated: October 19, 2015

s/ Nancy G. Edmunds
NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE