UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES LEWIS,

        Petitioner,

                                    CASE NO. 2:15-cv-10766
v.                                   HONORABLE NANCY G. EDMUNDS

BONITA HOFFNER,

        Respondent.
_____/

**ORDER GRANTING PETITIONER'S REQUEST TO LIFT THE STAY (ECF NO. 7)
AND DIRECTING RESPONDENT TO FILE AN ANSWER TO PETITIONER'S
MOTION TO SHOW CAUSE (ECF NO. 8) AND PETITIONER'S
MOTION FOR RELIEF FROM JUDGMENT (ECF NO. 9)**

        On March 2, 2015, petitioner Charles Lewis commenced this action by filing an application for the writ of habeas corpus under 28 U.S.C. § 2254. The habeas petition indicated that Petitioner was convicted of first-degree murder and sentenced in 1977 to life imprisonment without the possibility of parole. Petitioner argued in his habeas petition that his mandatory sentence of life imprisonment without the possibility of parole for a crime that he committed at the age of seventeen was cruel and unusual punishment under the Eighth Amendment to the United States Constitution. Petitioner based his argument on *Miller v. Alabama*, 132 S. Ct. 2455 (2012), in which the Supreme Court held "that mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'" *Id.* at 2460.

        On August 25, 2015, respondent Bonita Hoffner moved to transfer the petition to the United States Court of Appeals for the Sixth Circuit as a second or successive

petition under 28 U.S.C. § 2244(b). On October 19, 2015, the Court denied Respondent's motion and stayed this case pending the Supreme Court's anticipated decision on whether *Miller* was retroactive. On January 25, 2016, the Supreme Court held that "*Miller* announced a substantive rule of constitutional law" and "is retroactive because it necessarily carri[ies] a significant risk that a defendant – here, the vast majority of juvenile offenders – faces a punishment that the law cannot impose upon him." *Montgomery v. Louisiana*, 136 S. Ct. 718, 734 (2016) (quotations marks and end citations omitted).

On February 11, 2016, Petitioner filed three motions in this case. In a purported motion for relief from judgment (ECF No. 7), Petitioner asks the Court to lift its stay of his case. In a motion to show cause (ECF No. 8), Petitioner asks the Court to expand the record and to release him from custody on the basis that his conviction was dismissed fifteen years ago. Finally, in a second motion for relief from judgment (ECF No. 9), Petitioner alleges that the state trial court dismissed his conviction on April 3, 2000, and that he is presently incarcerated without a conviction or sentence.

Given the Supreme Court's decision in *Montgomery*, the Court grants Petitioner's request to lift the stay (ECF No. 7). The Court lifts its stay and orders Respondent to address Petitioner's habeas claim that his mandatory life sentence is cruel and unusual punishment.

Petitioner's motion to show cause and second motion for relief from judgment (ECF Nos. 8 and 9) challenge his murder conviction. The Court orders Respondent to file an answer to those motions and to Petitioner's sentencing claim within **twenty-eight**

**(28) days** of the date of this order. Petitioner shall have **twenty-eight (28) days** from the date of Respondent's answer to file a reply.

|  |  |
|---|---|
| | s/ Nancy G. Edmunds |
| Dated: 4/26/16 | UNITED STATES DISTRICT JUDGE |