UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES LEWIS,

    Petitioner,

v.

CASE NO. 2:15-cv-10766
HONORABLE NANCY G. EDMUNDS

BONITA HOFFNER,

    Respondent.
_____/

**OPINION AND ORDER
GRANTING RESPONDENT'S MOTION TO DISMISS (ECF NO. 12),
DENYING PETITIONER'S MOTION TO SHOW CAUSE (ECF NO. 8),
DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT (ECF NO. 9),
CLOSING THIS CASE, AND DENYING A CERTIFICATE OF APPEALABILITY**

### I. Introduction

This matter is pending before the Court on petitioner Charles Lewis' habeas corpus petition under 28 U.S.C. § 2254 and respondent Bonita Hoffner's motion to dismiss the petition. Also pending before the Court are Petitioner's motion to show cause and his second motion for relief from judgment. Petitioner is challenging his 1977 conviction and life sentence for first-degree murder. He alleges in his habeas petition that his sentence of life imprisonment without the possibility of parole for a murder that was committed when he was seventeen years old is cruel and unusual punishment under the Eighth Amendment to the United States Constitution. Petitioner further alleges in a letter to the Court filed on August 10, 2015, and in two motions filed on February 11, 2016, that the state court dismissed his murder case in the year 2000 and that he is entitled to immediate release from custody. Respondent argues in her motion

to dismiss the habeas petition that Petitioner did not exhaust state remedies for his sentencing claim and that Petitioner's challenge to his conviction is time-barred, unauthorized, and incredible.

The Michigan Supreme Court recently vacated Petitioner's sentence and remanded his case to the state trial court for re-sentencing. Thus, Petitioner's sentencing claim is moot. His challenge to the underlying murder conviction lacks merit. Accordingly, the habeas petition will be dismissed, and Petitioner's motions will be denied.

## II. Background

In 1977, a jury in the former Detroit Recorder's Court found Petitioner guilty of first-degree murder, Mich. Comp. Laws § 750.316. The conviction arose from the fatal shooting of an off-duty police officer in Detroit. On July 27, 1977, the trial court sentenced Petitioner to mandatory life imprisonment without the possibility of parole. The Michigan Court of Appeals affirmed Petitioner's conviction, and the Michigan Supreme Court denied leave to appeal.

Petitioner filed multiple post-conviction motions and appeals without success, and in 1987, he challenged his murder conviction in a federal habeas corpus petition, which the district court denied. On appeal from the district court's decision, the United States Court of Appeals for the Sixth Circuit remanded the case to the district court for (1) further review of Petitioner's claim that trial counsel failed to investigate potential alibi witnesses and (2) a determination of whether Petitioner requested a transcript of his state evidentiary hearing and, if so, whether one was provided. The Sixth Circuit

affirmed the district court's order in all other respects. *See Lewis v. Jabe*, No. 88-1522, 1989 WL 145895, at *7-*8 (6th Cir. Dec. 4, 1989). On remand, former United States District Judge Richard F. Suhrheinrich ordered transcripts from the state court, held an evidentiary hearing, and then denied habeas corpus relief on Petitioner's claim regarding trial counsel. *See Lewis v. Jabe*, No. 87-72050 (E.D. Mich. May 3, 1990, May 30, 1990, and June 28, 1990). Petitioner subsequently filed several post-judgment motions in the 1987 habeas case, but all the motions were denied.

At some point, Petitioner returned to state court and filed an application for satisfaction of judgment. In support of his application, Petitioner attached an order that indicated his first-degree murder conviction and life sentence were dismissed on April 3, 2000 by then-Wayne County Circuit Judge Gershwin A. Drain. Judge Drain denied the application for satisfaction of judgment after determining that his signature on the order submitted by Petitioner was a forgery and that a corresponding entry on the court's register of actions also was fraudulent. *See* Order Denying Defendant's Application for Satisfaction of Judgment and Order to Show Cause (Wayne Cty. Cir. Ct. Jan. 16, 2012). The Michigan Court of Appeals denied Petitioner's delayed application for leave to appeal Judge Drain's decision "for lack of merit." *See People v. Lewis*, No. 308585 (Mich. Ct. App. Sept. 14, 2012). Petitioner did not appeal that decision to the Michigan Supreme Court.

Meanwhile, on June 25, 2012, the United States Supreme Court issued its decision in *Miller v. Alabama*, 132 S. Ct. 2455 (2012), holding "that mandatory life without parole for those under the age of 18 at the time of their crimes violates the

Eighth Amendment's prohibition on 'cruel and unusual punishments.' " *Id.* at 2460. Petitioner subsequently challenged his life sentence in a state-court motion for relief from judgment. The state trial court granted Petitioner's motion and ordered re-sentencing in accordance with *Miller*. The Michigan Court of Appeals, however, reversed the trial court's decision, *see People v. Lewis*, No. 315520 (Mich. Ct. App. Aug. 29, 2013), and on December 30, 2014, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issue. *See People v. Lewis*, 857 N.W.2d 24 (Mich. 2014).

Petitioner appealed the Michigan Supreme Court's decision to the United States Supreme Court, and while his petition for a writ of certiorari was pending there, he commenced this action through counsel. His sole habeas claim is that his life sentence without the possibility of parole for a crime that occurred when he was a juvenile is cruel and unusual punishment under the Eighth Amendment. (ECF No. 1.)

Respondent moved to transfer Petitioner's habeas petition to the United States Court of Appeals for the Sixth Circuit as a second or successive petition under 28 U.S.C. § 2244(b). (ECF No. 4.) Petitioner's attorney did not answer the State's motion and, instead, moved to withdraw as counsel for Petitioner on the basis of a breakdown in the relationship. (ECF No. 5.) In an opinion and order dated October 19, 2015, the Court granted counsel's motion to withdraw and denied Respondent's motion to transfer the habeas petition to the Sixth Circuit as a second or successive petition. The Court then stayed this case in anticipation of a ruling from the Supreme Court on the retroactivity of *Miller*. (ECF No. 6.)

4

On January 25, 2016, the Supreme Court held that *Miller* is retroactive to offenders who committed their crimes as juveniles and whose convictions and sentences were final when *Miller* was decided. *See Montgomery v. Louisiana*, 136 S. Ct. 718, 734 (2016). Petitioner then filed three motions in this case. In a purported motion for relief from judgment (ECF No. 7), Petitioner asked the Court to lift its stay. In a motion to show cause (ECF No. 8), Petitioner asked the Court to expand the record and to release him from custody on the basis that Judge Drain dismissed his conviction on April 3, 2000. Finally, in a second motion for relief from judgment (ECF No. 9), Petitioner reiterated that he was incarcerated without a conviction or sentence because the state trial court dismissed his conviction on April 3, 2000.

On March 7, 2016, while Petitioner's three motions remained pending in this Court, the Supreme Court granted Petitioner's application for a writ of certiorari and vacated the Michigan Supreme Court's last judgment in his case. The Supreme Court then remanded Petitioner's case to the Michigan Supreme Court for further consideration in light of *Montgomery*. *See Lewis v. Michigan*, 136 S. Ct. 1357 (2016).

On April 26, 2016, this Court granted Petitioner's request to lift the stay and ordered Respondent to address Petitioner's other motions and his habeas claim that his mandatory life sentence was cruel and unusual punishment. (ECF No. 11.) On May 4, 2016, Respondent moved to dismiss the habeas petition on the ground that Petitioner had not fully exhausted his state remedies because his case was still pending in the Michigan Supreme Court. On May 24, 2016, however, the Michigan Supreme Court vacated Petitioner's sentence for first-degree murder and remanded his case to the

5

Wayne County Circuit Court for re-sentencing in light of *Miller* and *Montgomery*. The matter currently is pending in Wayne County Circuit Court, and a hearing is scheduled for August 5, 2016. *See* www.3rdcc.org, case number 76-005890-01-FC.

### III.  Discussion

The only relief that Petitioner seeks in his habeas corpus petition is an order vacating his life sentence and directing the state trial court to re-sentence him. *See* Pet. for Writ of Habeas Corpus, at 5. On May 24, 2016, the Michigan Supreme Court did just that: the state supreme court vacated Petitioner's life sentence for first-degree murder and remanded Petitioner's case to the trial court for re-sentencing on the murder conviction. *See People v. Lewis*, 878 N.W.2d 479. Thus, Petitioner's sentencing claim is moot, as the state court has granted the relief he seeks here. *Friedman's, Inc. v. Dunlap*, 290 F.3d 191, 197 (4th Cir. 2002) (citing *Simpson v. Camper,* 974 F.2d 1030, 1031 (8th Cir. 1992), and *New York v. Seneci*, 817 F.2d 1015, 1017 (2d Cir. 1987)); *Cline v. Procunier*, 328 F. Supp. 205, 207 (C.D. Ca. 1971); *Stratmoen v. Ward*, 248 F. App'x 17, 21 (10th Cir. 2007).

Petitioner's challenge to his murder conviction is not moot because the Michigan Supreme Court left the murder conviction intact when it vacated Petitioner's life sentence for the murder. Nevertheless, the record does not support Petitioner's contention that he is entitled to immediate release from custody on the basis of a state-court order dismissing his murder case. When Petitioner raised this issue in state court, then-Wayne County Circuit Judge Gershwin A. Drain rejected the claim in a written decision dated January 16, 2012. Judge Drain stated that he had no recollection of

signing the order of dismissal and that he did not recall handling Petitioner's motion for relief from judgment. Judge Drain also pointed out that his name does not appear in Petitioner's file and that he did not succeed the judge who presided over Petitioner's trial. Judge Drain stated that, for Petitioner to wait twelve years to be released from custody pursuant to an order supposedly signed in 2000 "doesn't add up." Judge Drain concluded that the signed order which Petitioner submitted was a forgery and that the register of actions which reflected the order also was fraudulent. The Michigan Court of Appeals denied Petitioner's appeal from Judge Drain's decision "for lack of merit."

The state-court orders rejecting Petitioner's challenge to his murder conviction were based on reasonable "determination[s] of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Petitioner therefore has no right to relief on the basis of his challenge to the murder conviction.

### IV. Conclusion and Order

For the reasons given above, Petitioner's sentencing claim is moot, and the state-court orders on his claim about the underlying murder conviction were based on reasonable determinations of the facts. Accordingly, it is ordered that:

• Respondent's motion to dismiss the habeas petition (ECF No. 12) is granted, and the habeas petition (ECF No. 1) is dismissed;

• Petitioner's motion to show cause why the record should not be expanded and why he should not be released from custody (ECF No. 8) is denied;

• Petitioner's second motion for relief from judgment (ECF No. 9) is denied;

- this case is closed, and a certificate of appealability is denied because reasonable jurists would not disagree with the Court's resolution of Petitioner's claims, nor conclude that the issues presented to the Court deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Dated: August 2, 2016

s/ Nancy G. Edmunds
NANCY G. EDMUNDS
UNITED STATES DISTRICT JUDGE

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on 8/2/16 August 2, 2016.

s/Carol J Bethel
CAROL J BETHEL
Case Manager